# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

AARON D. YOUNKER,

       Plaintiff,

                                       Civil Action 2:13-cv-1127

     v.                                Judge Gregory L. Frost

                                       Magistrate Judge Elizabeth P. Deavers

PAUL BERRY,

       Defendant.

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, Aaron D. Younker, an Ohio resident and former prison inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against Dr. Paul Berry, a physician who performed a surgery to repair Plaintiff's hernia. This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) The Motion is **GRANTED**. Accordingly, it is **ORDERED** that judicial officers who render services in this action shall do so as if the costs had been prepaid. This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to state a claim upon which relief can be granted.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to

"lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from

filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the

statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been
> paid, the court shall dismiss the case at any time if the court determines that--
>
>      *       *       *
>
>  (B) the action or appeal--
>
>   (i) is frivolous or malicious;
>
>   (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte*

dismissal of an action upon the Court's determination that the action is frivolous or malicious, or

upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the

basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also*

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule

8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[1]Formerly 28 U.S.C. § 1915(d).

pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *Flagstar Bank*, 727 F.3d at 504 (citations omitted).  Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## II.

According to Plaintiff's Complaint, in September 2010, Dr. Berry performed surgery to repair Plaintiff's hernia.  After this surgery, Dr. Berry informed Plaintiff of a surgical complication.  Plaintiff alleges that Dr. Berry ignored his requests for further information about the complication.  Thereafter, Plaintiff experienced pain and swelling that persisted for two years.  An ultrasound performed after Plaintiff's release from prison revealed that the hernia surgery had obstructed the blood supply to Plaintiff's right testicle, causing harm to the testicle.

Plaintiff first brought suit against Dr. Berry in 2011, asserting claims arising from the unsuccessful 2010 hernia surgery Dr. Berry performed.  *Younker v. Ohio State Univ. Med. Center*, No. 2:11-cv-749 ("11-749 Case").  The Undersigned recommended dismissal of his § 1983 claims, explaining that "[t]he ultimate failure of Plaintiff's surgery is not enough for Plaintiff to reasonably infer that Defendant Berry was deliberately indifferent to Plaintiff's medical needs."  (11-749 Case, Sept. 29, 2011 Report & Rec. 6, ECF No. 6).  The Undersigned also recommended dismissal of any state-law malpractice claims given Plaintiff's failure to provide an affidavit of merit.  (*Id.*)  Plaintiff failed to timely object to the Report and Recommendation, prompting the Court to dismiss Plaintiff's claims against Dr. Berry.  (11-749 Case, Oct. 26, 2011 Order, ECF No. 10.)  The Court indicated, however, that the dismissal was "without prejudice."  (*Id.* at 2.)

Plaintiff filed suit again on July 29, 2013, asserting claims of medical indifference under § 1983 against the Ohio Department of Rehabilitation and Corrections and various doctors, including Dr. Berry.  *Younker v. Ohio Dep't of Rehab. & Corrs.*, No. 2:13-cv-746 ("13-746 Case").  The Undersigned recommended dismissal of Plaintiff's claims against Dr. Berry pursuant to § 1915(e)(2) for failure to plead sufficient facts upon which the Court could infer that

4

Dr. Berry violated Plaintiff's constitutional rights. (13-746 Case, Aug. 13, 2013 Report & Rec. 4–5, ECF No. 4.) The Undersigned explained that Plaintiff "fail[ed] to mention Dr. Berry in the body of his Complaint, much less allege any facts against him." (*Id*. at 5.) Thus, in the 13-746 Case, as contrasted with the 11-749 Case, the Undersigned did not examine the merits of any claim against Dr. Berry. Plaintiff did not object to the Report and Recommendation, prompting the Court to dismiss his claims against Dr. Berry. (13-746 Case, Sept. 11, 2013 Order, ECF No. 7.)

Plaintiff filed the instant action approximately two months later, on November 12, 2013. (ECF No. 1.) In this case, Plaintiff asserts claims against Dr. Berry in his individual capacity under 42 U.S.C. § 1983. He alleges that Dr. Berry failed to provide adequate medical care in violation of his constitutional rights. Plaintiff requests leave to amend his Complaint to add Dr. Berry's assistant as a defendant upon discovery of her identity. Plaintiff alleges that Dr. Berry and his assistant are responsible for the damage to his testicle because it was their incompetence or plain error that ultimately caused the damage. Plaintiff speculates that if Dr. Berry had ordered testing or scheduled a follow-up surgery to fix the complication, he would not have experienced harm to his testicle. In terms of relief, Plaintiff seeks $1 million in compensatory damages.

### III.

Because Plaintiff has failed to plead a facially plausible medical indifference claim against Dr. Berry, the Court must dismiss this action under § 1915(e)(2) for failure to state a

claim.[2]

The Eighth Amendment, through the Due Process Clause of the Fourteenth Amendment, prohibits state officials from inflicting "cruel and unusual punishments" on prison inmates.  U.S. Const. amends. VIII and XIV; *Wilson v. Seiter*, 501 U.S. 294, 296 (1991).  "The Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations omitted).  An official who causes significant harm to an inmate does not, however, violate the Eighth Amendment unless he acts with a "culpable state of mind in inflicting that harm." *Phaneuf v. Collins*, 509 F. A'ppx 427, 431 (6th Cir. 2012) (citing *Wilson*, 501 U.S. at 296).  "A prison doctor violates the Eighth Amendment when [he or] she exhibits 'deliberate indifference to [the] serious medical needs' of a prisoner." *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (quoting *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)); *Phaneuf*, 509 F. App'x at 431 (analyzing the mental states required to establish an Eighth Amendment violation within different contexts); *Minneci v. Pollard*, 132 S.Ct. 617, 625 (2012) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, (1994)) (noting that a prisoner seeking to show an Eighth Amendment violation must typically demonstrate that the defendant acted with deliberate indifference).  To show deliberate

---

[2]Because the dismissal of Plaintiff's claims against Dr. Berry in the 11-749 Case was without prejudice and the Court did not examine the merits of Plaintiff's claim against Dr. Berry in the 13-746 Case, the doctrine of *res judicata* does not operate to bar Plaintiff's claims against Dr. Berry in the instant case.  *See Montana v. United States*, 440 U.S. 147, 153 (1979) (doctrine of *res judicata* requires "a final judgment on the merits"); *Stephens v. Hayes*, 374 F. App'x 620, 622 (6th Cir. 2010) (when dismissal of initial complaint under § 1915(e)(2) is not a dismissal on the merits, "it arguably lacks *res judicata* effect except as to frivolousness determinations for future *in forma pauperis* petitions").

indifference, "an inmate must prove that the official actually perceived and yet still intentionally disregarded the substantial risk of serious harm that led to the inmate's injury." *Phaneuf*, 509 F. App'x at 432.

Applied here, Plaintiff's Complaint does not contain sufficient factual content upon which the Court could reasonably infer that Dr. Berry perceived yet intentionally disregarded a substantial risk of harm to Plaintiff.  Although Plaintiff alleges that Dr. Berry informed him of a surgical complication prior to his discharge from the hospital, nothing in his Complaint suggests that Dr. Berry, at that time, appreciated the risk of harm to Plaintiff's testicle or that he was aware that Plaintiff continued to suffer from complications for two years after his discharge.  As the Undersigned explained in the 11-749 Case, the ultimate failure of Plaintiff's hernia surgery does not supply a basis from which the Court can reasonably infer that Dr. Berry intentionally disregarded a substantial risk of harm.  (11-749 Case, Sept. 29, 2011 Report & Rec. 6, ECF No. 6.) Plaintiff's allegation that Dr. Berry's incompetence or negligence ultimately caused the harm to Plaintiff's testicle likewise does not supply a basis from which the Court can reasonably infer that Dr. Berry acted with deliberate indifference.  *See Santiago*, 734 F.3d at 591 (quoting *Comstock*, 273 F.3d at 702)) ("'[W]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation.'").  Because Plaintiff has failed to plead a facially plausible medical indifference claim, the Undersigned recommends that the Court dismiss this action pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim.

7

## IV.

For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to state a claim upon which relief can be granted.  To the extent Plaintiff intended to assert a state-law medical malpractice claim, it is further **RECOMMENDED** that the Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over any such state-law claim and that the Court **DISMISS** any such claim without prejudice to Plaintiff asserting such a claim in state court.  *See Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) ("If the federal claims are dismissed before trial, the state claims generally should be dismissed as well.") (internal quotations marks and citation omitted).  The Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

### PROCEDURE ON OBJECTIONS

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

8

court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:  December 10, 2013                                   ____/s/ *Elizabeth A. Preston Deavers*_____
                                                                            Elizabeth A. Preston Deavers
                                                                            United States Magistrate Judge